J-S46005-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD W. GIBBS, | : | |
| | : | |
| Appellant | : | No. 1808 MDA 2013 |


Appeal from the Order Entered September 12, 2013,
In the Court of Common Pleas of Cumberland County,
Criminal Division, at No. CP-21-CR-0002421-2007.


BEFORE: SHOGAN, LAZARUS and MUSMANNO, JJ

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 22, 2014**

Appellant, Richard W. Gibbs, appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. In addition, counsel has filed a petition seeking to withdraw. We grant counsel's motion to withdraw and affirm the order of the PCRA court.

The PCRA court summarized the history of this case as follows:

On March 13, 2008 [Appellant] pleaded guilty to 14 counts of possessing sexually explicit computer images of children under the age of 18. On July 22, 2008 [Appellant] was sentenced to undergo imprisonment in a state correctional institution for 1 to 7 years on each count. The sentences were made to run concurrent to each other but consecutive to any other sentence he was serving. No direct appeal was filed.

On June 13, 2012 [Appellant] filed a nineteen page *pro se* petition asking for relief under the Post Conviction Relief Act.

We appointed the public defender to represent him; granted counsel 90 days to file an amended petition, and scheduled an evidentiary hearing for November 5, 2012.

While counsel did not file an amended petition, the evidentiary hearing took place as scheduled. At the outset we asked counsel to summarize the issues which entitled his client to relief. While there were several issues, they all revolved around the alleged ineffectiveness of prior counsel.

[Appellant] was the only witness to testify in support of his petition. He detailed his complaints with prior counsel's representation. Chief among them was the failure to file a motion to dismiss. [Appellant] contended that dismissal was required because the pictures were obtained from a website entitled "Barely Legal" which contained a disclaimer stating "everyone on the website was 18 or over." At the conclusion of the hearing [Appellant's] counsel requested a continuance so that he might have his own expert review the computer images. We continued the hearing to January 7, 2013.

Shortly after the November 5, 2012 hearing, [Appellant's] counsel left the public defender's office. The case was re-assigned to another attorney in the office. On December 6, 2012 she requested that the November 5, 2012 hearing be transcribed and that the January hearing be continued generally. We granted both requests.

On December 21, 2012 [Appellant's] counsel filed a motion to compel discovery. Specifically she requested that she be given access to [Appellant's] computer hard drive which had been seized by the Commonwealth. The Commonwealth opposed the request. On March 8, 2013 after reviewing the briefs filed by the parties in support of their respective positions and having heard argument thereon, we granted [Appellant's] motion. We directed the Commonwealth to provide a copy of the hard drive to be reviewed by the defense expert.

On April 3, 2013 the Commonwealth appealed from our order compelling discovery. On September 5, 2013 the Commonwealth withdrew its appeal. Immediately thereafter it filed a motion to dismiss [Appellant's] petition as untimely.

-2-

J-S46005-14

Based upon the above procedural and factual background, we granted the motion.

PCRA Court Opinion, 1/17/14, at 1-3 (footnotes omitted). This timely appeal followed.

On April 29, 2014, Appellant's PCRA counsel filed a motion to withdraw as counsel; she also filed with this Court a sufficient **Turner/Finley** document.[1, 2] When counsel seeks to withdraw representation in a collateral appeal, the following conditions must be met:

1)   As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter,

2)   PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims,

3)   PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless,

4)   PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must

_____

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] Counsel has requested leave to withdraw and filed a brief under **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), apparently in the mistaken belief that an appeal from the denial of a PCRA petition required that filing. However, because counsel is requesting leave to withdraw from her position as PCRA counsel, the correct standards under which counsel's request will be considered are the less stringent requirements set forth in **Turner** and **Finley**. **See Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004) (noting that because an **Anders** brief provides greater protection to the defendant, we may accept an **Anders** brief *in lieu* of a **Turner/Finley** letter).

-3-

include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel;

5) The court must conduct its own independent review of the record in light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and

6) The court must agree with counsel that the petition is meritless.

**Commonwealth v. Daniels**, 947 A.2d 795, 798 (Pa. Super. 2008) (internal punctuation marks omitted) (citing **Commonwealth v. Friend**, 896 A.2d 607, 615 (Pa. Super. 2006)).

In the present case, counsel has complied with the requirements for withdrawal from a collateral appeal. In the motion filed with this Court, counsel alleged that she has reviewed the case, evaluated the issues, and concluded that the appeal is frivolous. Counsel has also listed the issues relevant to this appeal, and explained why, in her opinion, they are without merit. In addition, counsel has included a letter sent to Appellant containing a copy of her motion to withdraw and a statement advising Appellant of his right to proceed *pro se* or through privately retained counsel. Thus, we will allow counsel to withdraw if, after our review, we conclude that the issue relevant to this appeal lacks merit.

We have discerned the following issue, which is presented by PCRA counsel on behalf of Appellant:

1.     The [PCRA] court erred in granting the Commonwealth's motion to dismiss due to timeliness.

Appellant's Brief at 9.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*. (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

Initially, we must determine whether this matter is properly before us. We begin by considering whether the PCRA court accurately considered Appellant's petition to be a PCRA petition.

The scope of the PCRA is explicitly defined as follows:

This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. **The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.** This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction.

42 Pa.C.S.A. § 9542 (emphasis added).

The plain language of the statute above demonstrates that the General Assembly intended that claims that **could** be brought under the PCRA **must** be brought under that Act. *Commonwealth v. Hall*, 771 A.2d 1232, 1235 (Pa. 2001) (emphasis in original). Where a defendant's claims "are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant." *Id*. at 1235 (citations omitted). By its own language, and by judicial decisions interpreting such language, the PCRA provides the sole means for obtaining state collateral relief. *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999) (citations omitted). Thus, it is well settled that any collateral petition raising issues with respect to remedies offered under the PCRA will be considered to be a PCRA petition. *Commonwealth v. Deaner*, 779 A.2d 578, 580 (Pa. Super. 2001).

The question then is whether the particular claims at issue in Appellant's petition, *i.e.*, Appellant's guilty plea was basically induced by counsel's multiple instances of ineffective assistance, are claims that were available to him under the PCRA. Writ of Habeas Corpus (Post Conviction Relief), 6/13/12. The relevant portion of the PCRA provides as follows:

> **(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

-6-

\* \* \*

> (2) That the conviction or sentence resulted from one or more of the following:

\* \* \*

> > (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

> > (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

42 Pa.C.S.A. § 9543(a)(2)(ii-iii). The statute in this matter indicates that claims of ineffective assistance of counsel and claims which challenge the lawfulness of a guilty plea are cognizable under the PCRA. *Id*.

Because such claims are cognizable under the PCRA, Appellant is precluded from seeking relief pursuant to a "Writ of Habeas Corpus." Thus, the PCRA court had no authority to entertain the claims except under the strictures of the PCRA.

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v.***

*Murray*, 753 A.2d 201, 203 (Pa. 2000).  A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S.A. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met.[3]  A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented.  42 Pa.C.S.A. § 9545(b)(2).  In order to be entitled to the exceptions to the

---

[3] The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii).

PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Carr*, 768 A.2d at 1167.

Our review of the record reflects that Appellant's judgment of sentence became final on August 21, 2008, thirty days after the trial court imposed the judgment of sentence and Appellant failed to file a direct appeal with this Court. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Thus, in order to be timely, Appellant needed to file his PCRA petition on or before August 21, 2009. Appellant did not file the instant PCRA petition until June 13, 2012. Accordingly, Appellant's PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S.A. § 9545(b)(1). The record reflects that Appellant did not specifically raise any of the timeliness exceptions in his PCRA petition.[4] Consequently, because the PCRA petition was untimely and no exceptions apply, the PCRA court

---

[4] We note that in the appellate brief filed by PCRA counsel there is a discussion presented pertaining to whether Appellant raised the first exception to the timeliness requirements of the PCRA, *i.e.*, interference by government officials in the presentation of the claim. Appellant's Brief at 11-15. However, as the PCRA court observed in its opinion, "[t]here was neither an allegation in the petition nor evidence at the hearing that any government official interfered with [Appellant's] ability to question the effectiveness of his counsel before the August 2[1], 2009 filing deadline." PCRA Court Opinion, 1/17/14, at 3.

lacked jurisdiction to address the claims presented and grant relief. **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack jurisdiction to reach the merits of the appeal. **See Commonwealth v. Johnson**, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding that Superior Court lacks jurisdiction to reach merits of appeal from untimely PCRA petition). Also, having conducted an independent review of the record in light of the PCRA petitions and the issues set forth therein, as well as the contents of counsel's motion to withdraw, we agree that the PCRA petition is meritless and allow counsel to withdraw.

Motion to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2014